# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 9:17-CV-80286-ROSENBERG/HOPKINS

MID-CONTINENT CASUALTY COMPANY,

    Plaintiff,

v.

JWN CONSTRUCTION, INC. *et al.*,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

**THIS CAUSE** is before the Court on Plaintiff Mid-Continent Casualty Company's ("MCC") Motion to Dismiss Defendant JWN Construction, Inc.'s ("JWN") Counterclaim for Declaratory Relief [DE 37]. The Court has carefully considered MCC's Motion, JWN's Response [DE 44], and MCC's Reply [DE 46], and is otherwise fully advised in the premises. For the reasons set forth below, MCC's Motion is **GRANTED** and JWN's Counterclaim for Declaratory Relief [DE 28] is **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

On March 7, 2017, MCC filed a Complaint for Declaratory Relief [DE 1] against JWN, Underwriters at Lloyd's, London a/s/o Dr. Michael Flax ("Lloyd's"), and Michael D. Flax ("Flax"). In its Complaint, MCC alleges that in January of 2008, Flax and JWN entered into a contract pursuant to which JWN would serve as "general contractor/developer" for the construction of a home in Vero Beach, Florida. *See* DE 1, Complaint ¶¶ 12–13. MCC further alleges that, about a year-and-a-half after construction was completed, Flax discovered water intrusion and other damage that, according to Flax, were caused by construction defects. *See id.* ¶¶ 14–15. On April 30, 2013, Flax and Lloyd's filed suit in state court against JWN for the

damage allegedly caused by these defects. *See id.* ¶¶ 16–19; DE 1-2 (Flax's and Lloyd's Third Amended Complaint). MCC is currently defending JWN in that action, subject to a complete reservation of rights. *See* DE 1, Complaint ¶ 20.

MCC filed the instant action for declaratory relief to determine the scope of MCC's obligations, if any, to defend and indemnify JWN in the state court action under the terms of four insurance policies issued to JWN. *See id.* ¶¶ 1, 8–11; DE 1-1 (insurance policies issued by MCC to JWN). In its Complaint, MCC asserts that it has no such obligations in light of the definitions of "occurrence" (Count I) and "property damage" (Count II) in the policies, the timing of the alleged damage (Count III), and the applicability of certain exclusions (Count IV). *See* DE 1, Complaint ¶¶ 22–41.

On April 19, 2017, JWN filed its Answer, Affirmative Defenses, and Counterclaim for Declaratory Relief [DE 28] in the instant action. JWN's Counterclaim alleges only the following:

1. The clear and unambiguous terms of the Policies set forth in Composite Exhibit A to the Plaintiff's Complaint clearly provide coverage for the claims against Counter Plaintiff JWN CONSTRUCTION, INC. set forth in the Third Amended Complaint, a copy of which is attached to the Counter Defendant's Complaint as "Exhibit "B", and the allegations in that Third Amended Complaint give rise to a duty to defend Counter Plaintiff in that lawsuit. Counter Plaintiff therefore respectfully requests that this Court issue a declaratory judgment in its favor finding that the claims fall within the coverage of the Policies set forth in Composite Exhibit A of the Complaint.

2. In the alternative, if this Court finds the policy ambiguous and/or illusory in nature, it is respectfully requested that this Court issue a declaratory judgment in Counter Plaintiff's favor on the grounds that the terms of the policy must be construed against the Counter Defendant and in Counter Plaintiff's favor since several portions of the Policies clearly provide coverage to Counter Plaintiff in its capacity as a named insured and the exclusions for losses are inconsistent with the clear language extending coverage, such that these inconsistent provisions would render the insurance coverage entirely illusory. Accordingly, the Policies attached to the Complaint in Composite Exhibit A must be construed in favor of coverage.

3. Counter Plaintiff further requests any other relief as may be just, including attorney's fees pursuant to Florida Statute 627.428.

## II. LEGAL STANDARD

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Geter v. Galardi S. Enterprises, Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014) (internal quotation marks and citation omitted). To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal

evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This language "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)). Thus, courts retain broad discretion over whether or not to exercise jurisdiction under the Declaratory Judgment Act. *Evanston Ins. Co. v. Gaddis Corp.*, No. 15-CIV-60163, 2015 WL 2070386, at *2 (S.D. Fla. May 4, 2015) (citing *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008)); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)) (noting that the Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants").

In addition to exercising such discretion to decline jurisdiction, courts may dismiss a counterclaim for declaratory judgment as redundant. *See Evanston*, 2015 WL 2070386, at *2 (citing *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011)). When deciding whether to dismiss such a counterclaim as redundant, "courts consider whether the declaratory judgment serves a useful purpose. To determine whether the declaratory judgment serves a useful purpose, courts should consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Medmarc*, 783 F. Supp. 2d at 1217 (internal quotation marks and citations

omitted). However, "[e]ven [where] the counterclaim [is] wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim." *Id.*

### III.  DISCUSSION

In the Motion presently before the Court, MCC argues that JWN's Counterclaim fails to state a claim upon which relief can be granted and is redundant. The Court concludes that JWN's Counterclaim fails to state a claim upon which relief can be granted. Accordingly, the Court does not reach MCC's argument that JWN's Counterclaim should be dismissed as redundant.

In paragraph 1 of its Counterclaim, JWN alleges that "[t]he clear and unambiguous terms of the Policies set forth in Composite Exhibit A to the Plaintiff's Complaint clearly provide coverage for the claims against Counter Plaintiff JWN CONSTRUCTION, INC. set forth in the Third Amended Complaint," and that "the allegations in that Third Amended Complaint give rise to a duty to defend Counter Plaintiff in that lawsuit." *See* DE 28 at 7, Counterclaim ¶ 1. While JWN refers broadly to "[t]he clear and unambiguous terms of the Policies" and the "claims" and "allegations" contained in the Third Amended Complaint, JWN does not specify which policy terms allegedly provide coverage[1] or which factual allegations give rise to a duty to defend under those terms. To the contrary, JWN does not provide *any* factual support for its conclusory assertion that MCC has a duty to defend JWN under the terms of the policies issued by MCC.

In paragraph 2 of its Counterclaim, JWN alleges that "if this Court finds the policy ambiguous and/or illusory in nature . . . the terms of the policy must be construed against the Counter Defendant and in Counter Plaintiff's favor." *See* DE 28 at 7, Counterclaim ¶ 2. JWN further alleges that "several portions of the Policies clearly provide coverage to Counter Plaintiff

---

[1] The Court notes that there are four separate insurance policies, which together span more than 230 pages in length. *See* DE 1-1. Neither MCC nor this Court can be expected to guess which of the many terms contained in these policies form the basis of JWN's Counterclaim.

in its capacity as a named insured and the exclusions for losses are inconsistent with the clear language extending coverage, such that these inconsistent provisions would render the insurance coverage entirely illusory." *See id.* Once again, JWN does not specify which policy terms allegedly provide coverage or set forth any factual support for its claim.

The Court notes that the deadline for amended pleadings was June 2, 2017. *See* DE 19. However, the Court will permit JWN to file an amended counterclaim for declaratory relief. To the extent JWN intends to file an amended counterclaim for declaratory relief, JWN should be mindful not only of the necessity for additional factual support, but of the possibility that this Court may dismiss its amended counterclaim as redundant if it does not serve a useful purpose— that is, if the resolution of MCC's claims, along with the affirmative defenses asserted by JWN, would resolve all questions raised by the counterclaim. *See Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011). If the policy terms on which JWN's amended counterclaim is based are identical to those on which MCC's claims are based, the Court fails to see how that amended counterclaim would not be redundant, even with the addition of JWN's request for attorney's fees pursuant to Fla. Stat. § 627.428, as such a request may be made without asserting a counterclaim.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

**1.**    Plaintiff Mid-Continent Casualty Company's Motion to Dismiss Defendant JWN Construction, Inc.'s Counterclaim for Declaratory Relief [DE 37] is **GRANTED**.

**2.**    JWN's Counterclaim for Declaratory Relief [DE 28] is **DISMISSED WITHOUT PREJUDICE**.

**3.** JWN may file an amended counterclaim for declaratory relief by no later than **October 4, 2017**. MCC shall file a response to any such amended counterclaim by no later than **October 10, 2017**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of September, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record